IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR JUAREZ,

        Plaintiff,

v.                                                        No. 2:23-cv-00603-GJF

CITY OF SOCORRO,
DYLAN COSLIN,
in his individual capacity, and
SOCORRO POLICE DEPARTMENT,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
ORDER REGARDING NOTICE AND WAIVER OF SUIT**

        Plaintiff, proceeding *pro se*, filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 17, 2023.  After the Court notified him that the Short Form Application does not provide sufficient information to determine whether he is unable to prepay fees and costs, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, on August 10, 2023.

**Application to Proceed *in forma pauperis***

        The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,063.00; (ii) Plaintiff's monthly expenses total $1,315.00; and (iii) Plaintiff has $0.00 in cash and no funds in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and his monthly expenses exceed his monthly income. Because it is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Service and Notice and Waiver**

Plaintiff asserts claims against Defendants City of Socorro, Socorro Police Department, and Socorro Police Officer Dylan Coslin. Although the State of New Mexico is not named as a defendant in the caption of the Complaint or the list of Parties, Plaintiff alleges "the State of New Mexico [is] liable for the violation of the Plaintiff[']s" rights. Complaint at 7, ¶ 41.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings

*in forma pauperis*]"). 28 U.S.C. § 1915(d). Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify Defendant Coslin, at the address provided by Plaintiff in his Complaint, that an action has been commenced and request that Defendant Coslin waive service pursuant to Fed. R. Civ. P. 4(d).

The Court will not order service on Defendant City of Socorro at this time because the Complaint fails to state a claim against the City of Socorro. The Complaint states: "Under Responde[a]t superior, the [C]ity of Socorro is liable for officers and public employees['] acts and omissions." Complaint at 7, ¶ 40. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. \*754 Servs.,* 436 U.S. 658, 694 (1978)). There are no factual allegations that a City of Socorro policy or custom was the moving force behind the constitutional deprivations allegedly committed by Defendant Coslin.

The Court will not order service on Defendant Socorro Police Department because the Complaint does not show that the Socorro Police Department is a suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court will not order service on the State of New Mexico because: (i) it is not clear that Plaintiff is asserting claims against the State of New Mexico; and (ii) if he is asserting claims against the State of New Mexico, Plaintiff has not shown that the Court has jurisdiction over such claims. *See Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018) ("Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

4

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, filed August 10, 2023, is **GRANTED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 17, 2023, is **DENIED as moot.**

(iii) The Clerk of the Court shall notify Defendant Coslin that an action has been commenced and request that Defendant Coslin waive service pursuant to Fed. R. Civ. P. 4(d). The notice shall include a copy of this Order, a waiver of service form, and a copy of Plaintiff's Complaint, Doc. 1, filed July 17, 2023. The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Complaint to Defendant Coslin at the following address:

Dylan Coslin
Socorro Police Department
407 Center Street
Socorro, New Mexico 87801

If the docket shows that Defendant Coslin did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Amended Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Amended Complaint on Defendant Coslin.

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE