IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR JUAREZ,

    Plaintiff,

v.                                                    No. 2:23-cv-00603-MLG-GJF

CITY OF SOCORRO;
DYLAN COSLIN,
in his individual and official capacity; and
SOCORRO POLICE DEPARTMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON
DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S CLAIMS**

Plaintiff Hector Juarez sued Defendants City of Socorro ("City"), Socorro Police Department ("SPD"), and SPD officer Dylan Coslin for civil rights violations that occurred when Coslin allegedly brutalized Juarez during an arrest in July of 2020. *See generally* Doc. 25. Juarez asserts a variety of claims, including facial and as-applied challenges to the City and SPD's stop and frisk policy under the New Mexico Constitution. *See id.* at 20 ¶ 162-23 ¶ 179. Defendants filed their Partial Motion to Dismiss Plaintiff's Claims ("Motion"), Doc. 26, requesting that Juarez's state constitutional claims be dismissed and that SPD be dismissed as an individual defendant.

Having reviewed the parties' briefing and the relevant law, and having held a hearing on this matter, *see* Doc. 35, the Court will grant the motion.

**DISCUSSION**

Defendants bring their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 25 at 1. Under this Rule, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to Juarez. *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir.

2020). Juarez must put forth facts stating a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

I. **New Mexico Civil Rights Act Claims**

Juarez alleges that Coslin assaulted him during an arrest and subsequent detention in July of 2020. *See* Doc. 25 at 2 ¶ 8-5 ¶ 38. Coslin broke Juarez's hand during the assault, and Juarez was forced to wait several days until he could undergo surgery to repair the injury. *Id.* at 4 ¶ 24, 5 ¶¶ 39-41. In Count VII of the Complaint, Juarez alleges that these acts, along with a stop and frisk policy adopted by SPD, violated his rights under Article II, Section 10 of the New Mexico Constitution. *Id.* at 20 ¶ 169. Juarez seeks damages and equitable relief for these violations. *Id.* at 22 ¶ 179.

Juarez's state constitutional claims are procedurally cognizable under the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, §§ 41-4A-1 to -13 (2021), which creates a private cause of action for deprivation of rights under the New Mexico Constitution. *See* NMSA 1978, § 41-4A-3 (2021). However, that cause of action is barred due to temporal considerations. The NMCRA is expressly and exclusively prospective; state claims accruing prior to the date stated in NMSA 1978, § 41-4A-12 are not actionable under the statute. *Id.* ("Claims arising solely from acts or omissions that occurred prior to July 1, 2021 may not be brought pursuant to the [NMCRA].").

As alleged here, Coslin unconstitutionally assaulted Juarez in July of 2020. Doc. 25 at 3 ¶ 8. Facially, Juarez cannot seek damages under the NMCRA because Coslin's assault predated the

2

statute's effective date. Juarez attempts to salvage this claim by arguing that he has alleged continuing harm sufficient to justify application of the NMCRA, even though the initiating event occurred before its effective date. *See* Doc. 28 at 3-4. Juarez also asserts that a one-sentence allegation that Coslin arrested him again on September 9, 2021, provides an actionable continuing violation. *See id.*; *see also* Doc. 25 at 8 ¶ 61.

Neither argument is availing. This District has twice held that the NMCRA is an expressly prospective statute that provides relief only for claims arising after July 1, 2021. *New Mexico Horsemen's Ass'n v. Bregman*, 639 F. Supp. 3d 1209, 1214 (D.N.M. 2022); *Tucker v. Univ. of N.M. Bd. of Regents*, 618 F. Supp. 3d 1201, 1211 (D.N.M. 2022). Both the *Tucker* and *Bregman* courts disavowed continuing conduct theories, holding that claims predating the NMCRA could not create ongoing harm actionable under the statute. *Bregman*, 639 F. Supp. 3d at 1215 (finding the continuing violation doctrine inapplicable to a NMCRA claim for damages); *Tucker*, 618 F. Supp. 3d at 1211 (rejecting the plaintiff's continuing violation NMCRA claim).

The logic underlying these holdings applies here. Juarez seeks relief for an alleged violation that occurred before the NMCRA became effective. The prospective nature of the statute forecloses any remedy for damages. And while Juarez alleges that he was arrested again in September of 2021, he does not allege that the arrest was unlawful or that it violated his state constitutional rights. He has, accordingly, failed to allege facts sufficient to sustain a claim under the NMCRA. The Court therefore dismisses his state constitutional claims. Doc. 25 at 20-22 (Count VII).

## II.     Dismissal of SPD

Juarez named both SPD and the City as defendants in this case. *See* Doc. 25. Defendants argue that naming both entities is duplicative and that SPD should be dismissed. Doc. 26 at 3-4;

Doc. 31 at 3-4. In response, Juarez contends that because the SPD Chief of Police created the stop and frisk policy at issue, SPD is separate and distinct from the City for purposes of municipal liability. Doc. 26 at 6-7.

The Court agrees with Defendants. The Tenth Circuit has repeatedly held that police departments are not separate entities from the cities that control them. *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department and the City of Denver were not separate entities in a 42 U.S.C. § 1983 suit); *Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272, 274 n.1 (10th Cir. 2002) (holding that a district court properly concluded that the Albuquerque Police Department "lacks a legal identity" distinct from the City of Albuquerque); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (Table), 1992 WL 51481, at *2 (10th Cir. 1992) (unpublished) ("Defendants correctly state that police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.").

Courts in this District have similarly made clear that police departments are not distinct entities subject to suit in § 1983 litigation. *See Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (collecting cases). Accordingly, SPD may not be sued as a separate entity. Liability for Juarez's claims flows only from the City's municipal liability and Coslin's individual liability for the alleged constitutional violations. SPD is thus improperly named, and the Court dismisses it from the case.

## CONCLUSION

For the foregoing reasons the Court grants Defendants' Motion. Doc. 26. Count VII of the Complaint, Doc. 25 at 20-22, is dismissed, as is SPD as a defendant.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA